STATE OF INDIANA      )           IN THE ALLEN SUPERIOR COURT
                      )§:
COUNTY OF ALLEN       )           CASE NO.:

CARYN B. BOCKMAN,     )           02D02-1701-CT-000043
                      )
    Plaintiff,        )
                      )           FILED
vs.                   )
                      )           2017 JAN 31  PM 12:25
BRINK'S, INC.,        )
                      )           LISBETH A. BORRMANN
    Defendant.        )           CLERK ALLEN CIRCUIT
                                  AND SUPERIOR COURTS

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Caryn B. Bockman, by counsel, Samuel L. Bolinger, and files her Complaint for Damages, alleging against the Defendant Brink's Inc., and states as follows:

1. Plaintiff, Caryn B. Bockman is an adult female resident of Fort Wayne, Allen County, Indiana, and at all time herein was employed by Defendant, Brink's Inc.

2. Defendant, Brink's Inc., is a safety transport enterprise with an office at 7701 Bluffton Rd., Fort Wayne, Allen County, Indiana.

3. This complaint for damages is filed pursuant to Plaintiff being discriminated against in her employment, and by employer failing to provide her with a reasonable accommodation, pursuant to the Americans with Disabilities Act Amendments Act of 2008 (ADA and AA) and in violation of Fort Wayne General Ordinance G-21-78 and in violation of her Frampton Right for seeking workers compensation and being terminated all in violation of public policy.

4. Plaintiff filed a charge of discrimination with Fort Wane Metropolitan Human Relations

C.C.S.IB                                              SCANNED TB

Commission (METRO) on or about February 19, 2016, which is attached as Exhibit A.

5. A Notice of Right to sue was issued on January 24, 2017, which is attached as Exhibit B.

6. This cause a action has been timely filed.

7. Defendant, is an employer as defined in the ADDA in that employs over 100 plus employees in Fort Wayne, Indiana are in each and every calendar year and engages in interstate commission.

8. Defendant is authorized to operate as a corporation, pursuant to the laws of the State of Indiana.

9. Plaintiff alleges as follows:

   a. Plaintiff is a qualified individual with a disability who has worked for Defendant as a Vault/Processing from October 2010 until February 12, 2016;

   b. On February 8, 2016, Plaintiff told Defendant her disability was causing her pain and defendant sent her to their doctor;

   c. On February 9, 2016, Plaintiff returned to defendant with the doctor's restrictions for her. The doctor ordered her not to lift, pull or do repetitive work.

   d. Defendant, Chuck Slovan (Slovan), Defendant supervisor of Plaintiff, told Plaintiff to do her same job, but not to do any lifting of anything.

   e. On February 10, 2016, (Slovan) was advised by Plaintiff she was still in pain to which he responded "Brink's was not accommodating any of her restrictions";

   f. Plaintiff's disability came from performing her job duties at Defendants;

   g. On February 12, 2016, Slovan told Plaintiff not to return to work because there was no work to accommodate Plaintiff's restrictions.

-2-

Plaintiff contacted the HR, and left a message about the situation, but never received a call back.

Plaintiff was not offered FMLA or short term disability even though Defendant management was aware of her serious medical condition that was under a doctor's supervision.

In addition, Plaintiff was terminated for seeking worker's compensation, which is in violation of Indiana Public Policy, said violation is known as a Frampton claim.

As a result, Plaintiff has lost her job and job related benefits, suffered humiliation, embarrassment, stress and anxiety and other injuries and damages yet to be determined.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages and reasonable attorney's fees and costs, and for all other just and proper relief.

### JURY DEMAND

Pursuant to Indiana Trial rule 38, Plaintiff requests a trial by jury in this matter.

Respectfully submitted,

*/s/ Samuel L. Bolinger*
Samuel L. Bolinger, #10786-98
803 S. Calhoun St., Ste. 300
Fort Wayne, IN 46802
Tel:   260.407.0040
Fax:   260.407.0039
Email:  mark@slbolingerlaw.com
Counsel for Plaintiff

-3-

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0093-A16 24D-2016-00186 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Caryn B. Bockman | | 12-15-1956 |

Street Address: 1304 Ardsley Court, Fort Wayne, IN 46815

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BRINK'S INC | Unknown | (260) 478-9200 |

Street Address: 7701 Bluffton Road, Fort Wayne, IN 46809

DISCRIMINATION BASED ON *(Check appropriate box(es).)*: [X] DISABILITY

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-06-2016  Latest: 02-12-2016

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a qualified individual with a disability who has worked at Brink's Inc. as a Vault/Processing from October 2010 until February 12, 2016. On February 8, 2016, I told Brinks's Inc. that my disability was causing me pain. Brink's Inc. sent me to their doctor. The following day, I brought in my restrictions. The doctor ordered me not to lift, pull, or do repetitive work. Chuck Slovan ("Slovan"), my supervisor, told me to do my same job, but not to lift anything. On February 10, 2016, I told Slovan I was still in pain and that he was not accommodating my restrictions. On February 12, 2016, Slovan told me not to come back to work because there was no work to accommodate my restrictions. I called Human Resources and left a message. I have never received a response. I was not offered FMLA or short-term disability.

Based on the above, I believe I was discriminated against and Brink's failed to accommodate my disability in violation of the Americans with Disabilities Act Amendments Act of 2008 and the Fort Wayne Ordinance G-21-78, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 19, 2016  X Caryn B. Bockman
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X Caryn B. Bockman

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
2/19/16

[Notary Seal – Indiana]
EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Caryn B. Bockman<br>1304 Ardsley Court<br>Fort Wayne, IN 46815 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2016-00186 | Jeremy A. Sells, State & Local Coordinator | (317) 226-7221 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Michelle Eisele*

Enclosures(s)

Michelle Eisele,
Director

January 24, 2017
(Date Mailed)

cc: Rob Hess, Asst General Counsel
BRINK'S U.S., A DIVISON OF BRINK'S INCORPORATED
555 Dividend Drive
Coppell, TX 75019

**EXHIBIT B**